IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC CONTRERAS,                                                                                          PLAINTIFF

v.                         Civil No. 4:25-CV-04033-SOH-BAB

WARDEN CHRIS VOLCOTT,                                                                              DEFENDANT.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Eric Contreras, a detainee at the Sevier County Detention Center ("SCDC") in DeQueen, Arkansas, has filed the above-captioned civil rights action under 42 U.S.C. § 1983 requesting release from his confinement. (ECF No. 5). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02. But not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2) the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. § § 636(b)(1) and (3). Upon that review, this Court recommends that this matter be dismissed without prejudice for failure to state a cognizable claim for relief.

## BACKGROUND

Plaintiff has had pending Arkansas state charges since August 25, 2022. Plaintiff claims that Defendant Chris Volcott, the jail administrator, has kept him in jail "longer than necessary" and requests a court order releasing him from custody. (ECF No. 5). He also requests compensatory damages. *Id.* Plaintiff identifies the Defendant in his individual capacity only.

1

Publicly accessible state court records show that on August 31, 2022, Plaintiff was charged by criminal information with arson, a class A felony, in violation of Ark. Code Ann. § 5-38-301.[1] *See State of Arkansas v. Eric Contreras*, 67CR-22-145 (Ark. Cir. Ct.) (AOC Court Connect). Over one year later, it was determined that he was not "fit to proceed," and he was committed to the state hospital. *Id.* At the time he submitted his Amended Complaint, Plaintiff reports that he was detained at the SCDC.[2] *See* (ECF No. 5).

## LEGAL STANDARD

Section 1915A of the Prison Litigation Reform Act requires the court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Pursuant to 28 U.S.C. § 1915(e), moreover, where, as a here, a plaintiff requests to proceed *in forma pauperis* ("IFP"), the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff is currently incarcerated at the SCDC and has pending criminal charges against him. But he has also been found unfit to proceed in that criminal case and has been committed to the state hospital. In any event, even if Plaintiff's complaint is not subject to review pursuant to 28 U.S.C. § 1915A(a), Plaintiff has requested to proceed IFP, and his Amended Complaint is therefore subject to preservice review pursuant to 28 U.S.C. § 1915(e).

---

[1] The court may take judicial notice of public records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005).

[2] It is unclear whether Plaintiff has ever been physically transported to the state hospital or if he has remained detained at the SCDC since charges were brought against him in August 2022, almost three years ago. In any event, the Court need not resolve this question because, as described above, Plaintiff's challenge to his detention is not cognizable as a § 1983 claim.

Furthermore, both provisions require the court to dismiss a complaint (or any portion of it) if it contains claims that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b) (upon review pursuant to 28 U.S.C. § 1915A(a), the court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted"), *see also* 28 U.S.C. § 1915(e)(2)(B)(ii). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

At base, Plaintiff requests release from custody, claiming that his incarceration has been "excessive" and that he has been kept in custody "longer than necessary." *See* (ECF No. 5). This is not a cognizable § 1983 claim. A "§ 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

Here, Plaintiff makes no claims regarding the *conditions* of his pretrial confinement. Rather, his complaint is solely with the fact that he continues to be confined, a confinement he alleges is excessive and unnecessary. In *Preiser*, the United States Supreme Court made clear that "when a state prisoner is challenging the very fact or duration of his physical confinement,

3

and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.  Although Plaintiff is a pretrial detainee, and not in custody pursuant to a state court judgment, this does not change the fact that the proper vehicle for challenging his confinement in federal court is through a habeas petition. *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well-established that federal district courts can entertain pretrial habeas petitions in which the petition asserts an impending state trial violates the Double Jeopardy Clause."); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.").

To be sure, Plaintiff also requests money damages, but this request for relief does not change the result.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 477.

Thus, pursuant to *Heck*, a claim for damages for an allegedly unlawful pretrial detention does not arise until (or unless) the detainee has successfully challenged that detention through habeas or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002).  Because Plaintiff's sole claim concerns the fact of his detention and that detention has not been determined to be unlawful through some other mechanism,

Plaintiff's Amended Complaint should be dismissed.

## CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), this Court recommends that: Plaintiff's Amended Complaint (ECF No. 5) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 27th day of June 2025.

*/s/ Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

5